UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

OLUKAYODE DAVID OJO,

                        Plaintiff,

           -against-

THOMAS DECKER, *et al.*,

                        Defendants.

20-CV-3221 (CM)

TRANSFER ORDER

---

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated at the Buffalo Federal Detention Facility (BFDF), brings this *pro se* action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that Defendants violated his constitutional rights at the Elizabeth Detention Center (EDC) in Elizabeth, New Jersey. For the reasons set forth below, the Court transfers this action to the United States District Court for the District of New Jersey.

Venue for a civil rights complaint brought under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), is determined according to the general venue provision, 28 U.S.C. § 1391. Under 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Under § 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff brings claims arising out of his detention at the EDC. But he names as defendants the New York, Buffalo, and Newark Field Director Officers for the Department for Homeland Security (DHS), namely: Thomas Decker (New York), Thomas E. Feeley (Buffalo), and John Tsoukaris (Newark).[1] The Court assumes that Plaintiff named (1) Feeley because Plaintiff is currently detained at the BFDF, and (2) Tsoukaris because his claims concern his detention at EDC. But as Plaintiff was neither detained in New York County, nor his immigration proceedings were ever held in a county within this district, it is not clear why he names defendants employed at the New York Field Office. Thus, it does not appear that venue is proper in this district under § 1391(b)(1), (2).

Even if venue were proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n*.

---

[1] Plaintiff also names the Assistant Field Officer Directors for those offices.

*Inc. v. OSHA*., 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Elizabeth, New Jersey, where Plaintiff was detained during the events giving rise to his claims. Moreover, the EDC defendants most likely reside in New Jersey and any records associated with his detention at EDC would be located in that district. Venue is therefore proper in the District of New Jersey. *See* 28 U.S.C. § 1391(b).

Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the District of New Jersey. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States

District Court for the District of New Jersey. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[2] A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 28, 2020
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

[2] Plaintiff did not submit a prisoner authorization form, but it is not clear that the Prison Litigation Reform Act (PLRA) applies to this case. *See DeBoe v. Du Bois*, 503 F. App'x 85, 88 (2d Cir. 2012) ("Three of our sister circuits have concluded that the PLRA's definition of a "prisoner" is not applicable to alien detainees who do not also face criminal charges." (citing *Agyeman v. INS*, 296 F.3d 871, 885-86 (9th Cir.2002))).